UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| FIDEL H. PAJARILLO, <br><br> Debtor. <br> ──────────────────────────── <br> FIDEL H. PAJARILLO, <br><br> Appellant, <br><br> vs. <br><br> SFR INVESTMENTS POOL 1, LLC et al., <br><br> Appellees. | Case No. 2:13-cv-01935-RCJ <br> Adv. No. 13-ap-1053-BTB <br> Bankr. No. 13-bk-12137-BTB <br><br> **OPINION AND ORDER** |

## I.   FACTS AND PROCEDURAL HISTORY

Debtor–Appellant Fidel H. Pajarillo filed the Adversary Complaint ("AC") to quiet title to an investment property at 4856 La Cumbre Dr., Las Vegas, Nevada ("the Property"). Appellee SFR Investments Pool 1, LLC ("SFR") moved to dismiss. The Bankruptcy Court granted the motion, and Appellant appealed. After Appellant missed several deadlines, Appellees moved to dismiss the appeal. Appellant did not timely respond. The Court granted the motion for failure to prosecute and denied a motion to reconsider. The Court noted that the quiet title claim was non-core, and that if the Court were to address the case on the merits, it would review de novo. The Court of Appeals remanded for Appellant to have a further chance to file his opening brief.

## II. STANDARD OF REVIEW

A bankruptcy court's conclusions of law, including its interpretations of the bankruptcy code, are reviewed de novo, and its factual findings are reviewed for clear error. *See Blausey v. U.S. Tr.*, 552 F.3d 1124, 1132 (9th Cir. 2009). A reviewing court must accept the bankruptcy court's findings of fact unless it is left with the definite and firm conviction that a mistake has been committed. *See In re Straightline Invs., Inc.*, 525 F.3d 870, 876 (9th Cir. 2008).

## III. ANALYSIS

The AC requests a declaration of rights as to the Property, i.e., it is a quiet title claim. The AC, however, does not allege the basis for the superiority of any rights Appellant may have in the property as against any Appellees. SFR therefore moved to dismiss under Rule 12(b)(6). *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009). The Bankruptcy Court granted the motion after an August 13, 2013 hearing at which it also denied Appellant's motion to convert the case to Chapter 11, because Appellant had already received a Chapter 7 discharge.[1] The Bankruptcy Court also noted that Appellant had not listed the quiet title claim as an asset. Plaintiff had filed a motion to amend the AC, and he noted that one or more Defendants had proceeded against the Property in state court, resulting in his tenants having being locked out of the Property. The Bankruptcy Court noted that some parties had previously been dismissed as Defendants, and that it would grant SFR Investment Pool 1, LLC's motion to dismiss, as well. It dismissed not only under Rule 12(b)(6), but also because Debtor had not listed the quiet title claim in his bankruptcy schedules. The Bankruptcy Court dismissed without prejudice to bringing suit in state court. Plaintiff argues that the Bankruptcy Court erred by dismissing, by denying leave to amend, and by violating his due process and equal protection rights.

The Court need not determine whether the present claim is core or non-core, because it

---

[1] Over a year after the events relevant to this appeal, the Bankruptcy Court revoked the discharge for failure to deliver or surrender certain property of the bankruptcy estate.

can affirm under de novo review. The Bankruptcy Court did not err by dismissing or by denying Plaintiff leave to amend, because it correctly noted that the quiet title claim had been omitted from the bankruptcy schedules, and it dismissed without prejudice to bringing an action in state court.[2] The Court perceives nothing from the record indicating any due process or equal protection violations by the Bankruptcy Court. The ruling was made after a full hearing, in which Appellant participated, and Appellant identifies no discriminatory basis supporting any equal protection argument.

## CONCLUSION

IT IS HEREBY ORDERED that the order of the Bankruptcy Court is AFFIRMED, and the Clerk shall close the case.

IT IS SO ORDERED.

Dated this 27th day of July, 2017.

_____
ROBERT C. JONES
United States District Judge

---

[2] Nor is it entirely clear the Bankruptcy Court (or this Court) would have had subject matter jurisdiction to determine the quiet title claim, given Plaintiff's indication that an unlawful detainer action had been instituted in state court. *See Chapman v. Deutsche Bank Nat'l Tr. Co.*, 531 Fed. Appx. 832, 833 (9th Cir. 2013) (holding that because the Nevada Supreme Court had ruled that an unlawful detainer action under Nevada law was either *in rem* or *quasi in rem*, the prior exclusive jurisdiction doctrine prevented a federal court from simultaneously asserting jurisdiction over an *in rem* quiet title claim).